| | |
|---|---|
| 1 | **WHGC, P.L.C.** |
| 2 | John D. van Loben Sels (SBN: 201354) |
|   | johnvanlobensels@whgclaw.com |
| 3 | 2570 West El Camino Real, Suite 440 |
| 4 | Mountain View, CA  94041 |
|   | Telephone:   (650) 209-1230 |
| 5 | Facsimile:    (650) 209-1231 |
| 6 | |
|   | Attorneys for Defendants, Westlake Services, LLC |
| 7 | d/b/a Westlake Financial Services; Nowcom Corporation; |
| 8 | Hankey Group; and Don R. Hankey |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CREDIT ACCEPTANCE CORPORATION, | CASE NO.: 13-cv-01523-SJO-MRNx |
| Plaintiff, | DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES; NOWCOM CORPORATION; HANKEY GROUP; and DON R. HANKEY, | [FED. R. CIV. P. 11(B)(1) AND (2)] |
| | Date:     June 10, 2013 |
| | Time:    10:00 a.m. |
| Defendants | Loc:      Courtroom  1 |
| | 312 North Spring Street |
| | Los Angeles, CA 90012 |

# NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11

TO THE HONORABLE S. JAMES OTERO AND PLAINTIFF CREDIT ACCEPTANCE CORPORATION:

PLEASE TAKE NOTICE THAT Westlake Services, LLC d/b/a Westlake Financial Services, Nowcom Corporation, and Don R. Hankey (collectively, "Defendants") will and hereby do move the above Court, located at 312 North Spring Street, Los Angeles, CA 90012 for sanctions against Plaintiff Credit Acceptance Corporation ("Plaintiff") and Plaintiff's counsel, Harriet S. Posner, P. Anthony Sammi and Skadden, Arps, Slate Meagher & Flom LLP, under Rule 11(b)(1) and (2) of the Federal Rules of Civil Procedure.

Defendants hereby move the Court for sanctions based on the legally frivolous nature of Plaintiff's Complaint and Plaintiff's Proof of Service concerning the Hankey Group (Dkt. No. 16), both of which were filed without reasonable inquiry and filed for the improper purpose of harassing Defendant Don Hankey, as laid out more fully in the accompanying Memorandum of Points and Authorities.

Defendants respectfully request that this Court impose sanctions against Plaintiff and its above attorneys as well as awarding Defendants their attorneys' fees and costs for bringing the instant motion.

Dated: May 15, 2013         **WHGC, P.L.C.**

                            By:  /s/ John D. van Loben Sels
                                 John D. van Loben Sels
                                 *Attorneys for Defendants*

-ii-

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..................................................................................................1

II STATEMENT OF FACTS ....................................................................................3

III. ARGUMENT .........................................................................................................4

    A. Plaintiff's Complaint Against Defendants Don Hankey And Hankey Group Is Frivilous ..............................................................6

        i. A Filing Made Without Reasonable Inquiry is Legally Frivolous ..................................................................................6

        ii. A Reasonable Inquiry Under These Circumstances Would Have Revealed No Basis In Law or Fact Exists To Include Don Hankey In The Complaint ......................................6

        iii. A Reasonable Inquiry Would Have Revealed No Basis In Law or Fact Exists to Include "The Hankey Group" in the Complaint ................................................................9

    B. Plaintiff's Complaint Against Defendants Don Hankey And The "Hankey Group" Was Filed For An Improper Purpose ..........10

    C. Plaintiff's Proof of Service Of The Complaint On The Hankey Group Was Filed With Knowingly False Assertions And For An Improper Purpose..........................................................................11

IV. DEFENDANTS HAVE COMPLIED WITH THE STATUTORY REQUIREMENTS FOR THE MOTION .........................................................12

V. ATTORNEYS' FEES ...........................................................................................12

VI. CONCLUSION ....................................................................................................13

- iii -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Bus. Guides, Inc. v. Chromatic Communications Enterprises, Inc.,*
   498 U.S. 533 (1991) ..................................................................................5

*Carson v. Billing Police Dept.,*
   470 F.3d 889 (2006) ................................................................................13

*Chambers v. NASCO, Inc.,*
   501 U.S. 32 (1991) ....................................................................................5

*Chislom v. Foothill Capital Corp.,*
   940 F. Supp. 1273 (N.D. Ill. 1996) ...........................................................9

*City of Burlington v. Dague,*
   505 U.S. 557 (1992) ................................................................................13

*Cooter & Gell v. Hartmarx Corp.,*
   496 U.S. 384 (1990) ..................................................................................5

*Guam Soc'y of Obstetricians & Gynecologists v. Ada,*
   100 F.3d 691 (9th Cir. 1996) ...................................................................13

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983) ................................................................................13

*Hoover Group, Inc. v. Custom Metalcraft, Inc.,*
   84 F.3d 1408 (Fed. Cir. 1996) ...............................................................6, 8

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,*
   806 F.2d 1565 (Fed. Cir. 1986) .................................................................8

*Perdue v. Kenny A. exrel. Winn,*
   130 S.Ct. 1662 (2010) .............................................................................13

*Ridge v. U.S. Postal Service,*
   154 F.R.D. 182 (N.D. Ill. 1992) ..............................................................10

- iv -

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990) ..............................................................................6, 10

*U.S. for Use and Benefit of Dragone Bros. Inc. v. Moniaros Contracting Corp.*,
  882 F. Supp. 1267 (E.D. N.Y. 1995) .............................................................................9

*Wechler v. Macke Int'l Trade Inc.*,
  327 F. Supp. 2d 1139 (C.D. Cal. 2004) ........................................................................6

*Wechler v. Macke Int'l Trade Inc.*,
  486 F.3d 1286 (Fed. Cir. 2007) .....................................................................................6

*Wood v. Elling Corp.*,
  20 Cal. 3d 353, 572 P.2d 755 (1977) ............................................................................7

*Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*,
  609 F.3d 1308 (Fed. Cir. 2010) .....................................................................................7

*Zaldivar v. City of Los Angeles*,
  780 F.2d 823 (9th Cir. 1986) .........................................................................................6

**STATUTES**

FED. R. CIV. P. 11 .................................................................................................................5
FED. R. CIV. P. 11(b)..............................................................................................4, 5,8,9
FED. R. CIV. P. 11(c) (2) ...............................................................................................12, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The basis for this sanctions motion is relatively simple, but it reflects serious deficiencies in Plaintiff's pre-filing inquiry. In short, there is no good faith basis for Plaintiff's decision to name as defendants in this patent infringement action Don R. Hankey (an individual who is not alleged to personally infringe the patent-in-suit) or the "Hankey Group" (a non-existent entity incapable of infringement). By signing the Credit Acceptance Corporation ("Plaintiff" or "CAC") Complaint on March 4, 2013, Harriet Posner[1] and her law firm, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), certified under Rule 11 of the Federal Rules of Civil Procedure that the CAC Complaint: 1) Was not being presented for any improper purpose; 2) The claims are warranted under existing law (or a non-frivolous argument for reversing, modifying or creating new law); and 3) The factual contentions have evidentiary support (or will after a reasonable opportunity for discovery). The CAC Complaint alleges a single claim for patent infringement against four Defendants, Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), Nowcom Corporation ("Nowcom"), Hankey Group and Don R. Hankey. Unfortunately, Ms. Posner, Mr. Sammi, Skadden and CAC violated Rule 11 when they filed the CAC Complaint, because there is no good faith basis to name Don R. Hankey or the Hankey Group as defendants.

In particular, Plaintiff and its counsel had, and have today, no basis for naming Don R. Hankey as an individual defendant in this case, whether on information and belief or otherwise. The CAC Complaint contains no allegations suggesting a basis for including Mr. Hankey as a defendant or holding him personally liable for the one claim presented in the CAC Complaint. Plaintiff

---

[1] It is Defendants' understanding that P. Anthony Sammi – listed as "Of Counsel" on the complaint, is CAC's lead counsel on this case, and for that reason, Mr.

- 1 -

1  alleges generally that "Defendants" committed certain allegedly infringing acts
2  (*see, e.g.,* CAC Complaint, para. 25), but there is no basis for CAC or its counsel to
3  allege Mr. Hankey personally engaged in any such allegedly infringing conduct.
4  In particular, the CAC Complaint does not allege that Mr. Hankey personally
5  made, used, sold, imported or offered for sale any allegedly infringing product or
6  service, nor is there any good faith basis for CAC to make such an allegation.
7  Further, it is not a sufficient response for CAC to argue that its allegations are
8  made on "information and belief" or that CAC expects to develop such facts in
9  discovery.  It is plain under applicable law that Rule 11 requires more.  CAC had
10 to conduct a reasonable inquiry under the circumstances ***before*** it decided to sue
11 Mr. Hankey.  That could not have happened here because there are no such facts,
12 and no reasonable investigation could have led to the conclusion that suing Mr.
13 Hankey personally was proper.
14     The arguments for adding the "Hankey Group" as a defendant are even
15 weaker, and there is no good faith basis for Plaintiff to have named the "Hankey
16 Group" as a defendant.  No such entity exists, and a reasonable inquiry would have
17 revealed this fact to Plaintiff and its counsel.  On its face, the CAC Complaint
18 reveals that CAC knew when it filed the complaint that "Hankey Group" was a
19 non-existent entity (*see* CAC Complaint, para. 5).  CAC and its counsel have no
20 legal or factual basis to sue "an unincorporated business association … controlled
21 and operated as a single legal entity").  *Id*.  Worse, Defendants called these
22 incurable flaws to the attention of Plaintiff and its counsel, and they refused
23 unreasonably to correct the CAC Complaint.
24     Because CAC's Complaint was filed without the reasonable inquiry under
25 the circumstances required of parties and their counsel under Rule 11, particularly
26 as to Don Hankey and the Hankey Group, Plaintiff's complaint is legally frivolous.
27 
28 Sammi is included in this motion despite the fact that he did not sign the original complaint.

- 2 -

1  Plaintiff's decision to include Don Hankey and the Hankey Group as defendants
2  can only have been for the purpose of harassing Defendants and to cause
3  Defendants to incur substantial fees and costs defending this lawsuit.  Pursuit of a
4  legally frivolous complaint and its filing for an improper purpose subjects Plaintiff
5  and its counsel to sanctions under Rule 11(c) of the Federal Rules of Civil
6  Procedure.  Defendants gave CAC and its counsel the opportunity to cure these
7  deficiencies under Rule 11's safe harbor provision, but CAC and its counsel failed
8  to dismiss Mr. Hankey and the Hankey Group as defendants.  As a result, the Court
9  should grant Defendants' motion and sanction CAC and its counsel.

## II.     STATEMENT OF FACTS

Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), is in the automobile financing industry.  *See* the Declaration of Ian Anderson (the "Anderson Decl.") at para. 4.  In the provision of its services, Westlake, in connection with the car dealerships it works with, utilizes software and programs created by Nowcom.  *See* the Declaration of Rufus Hankey (the "Hankey Decl.") at Para. 4 and Anderson Decl. at Paras. 4-5.  Nowcom's software facilitates the programs identified in the CAC Complaint as the instrumentalities accused of infringing CAC's patent rights:  the Dealer Center, the Buy Program, Auto Structure All tool, and Advanced Lending & Portfolio Services (collectively referred to herein as the "Programs").

Don R. Hankey is the chairman of the board of directors and is a corporate officer (secretary) of Defendants Westlake and Nowcom.  Anderson Decl. at Para. 6; Hankey Decl. at Para. 6.  However, Mr. Hankey plays ***no role*** in the day to day operations of Westlake or Nowcom, nor is he alleged to have done so.  Anderson Decl. at Para. 6; Hankey Decl. at Para. 6.  Certainly CAC does not allege in the Complaint that Mr. Hankey personally infringed Plaintiff's patent rights.  Nor does CAC allege Mr. Hankey personally took any action to encourage others to infringe CAC's patent.  There is no basis in fact for CAC to make such allegations after a

- 3 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

reasonable pre-suit inquiry, and there is no good faith basis for CAC or its counsel to make such an allegation in an amended complaint.

There is likewise no basis for CAC or its counsel to name "Hankey Group" as a defendant. Hankey Group is a non-existent entity, and is a term used by Defendants to loosely refer to a group of companies, some of which share common ownership (however, there is no "parent corporation"). Anderson Decl. at Para. 3; Hankey Decl. at Para. 3. That is, "Hankey Group" is not a corporation, partnership or legal entity of any kind. Anderson Decl. at Para. 3; Hankey Decl. at Para. 3. This group of companies all operate under separate and distinct management and control, and each company observes all corporate formalities. Anderson Decl. at Para. 3; Hankey Decl. at Para. 3. Further, no constituent company of the "Hankey Group" acts on behalf of any other company. Anderson Decl. at Para. 3; Hankey Decl. at Para. 3. Even a cursory review of the California Secretary of State website reveals that no "Hankey Group" entity exists. The CAC Complaint alleges, *inter alia*, that the Hankey Group is headquartered "at 4751 Wilshire Blvd, Suite 110, Los Angeles, California  90010). CAC Complaint, Para. 5. There is no factual or legal basis for this allegation because no such entity exists at all and there is no Hankey Group headquarters at that address. Moreover, when Plaintiff served the CAC Complaint on Defendants, Westlake representatives informed the Plaintiff's process server of these facts. *See* Docket No. 16 also attached as Ex. A to the Declaration of John van Loben Sels (the "van Loben Sels Decl.") filed concurrently herewith. Nevertheless, CAC and its counsel filed a "proof of service" claiming to have served the Hankey Group with process. *Id*. That service did not occur because there is no agent for the non-existent Hankey Group.

### III.   ARGUMENT

Rule 11 imposes a duty on parties and attorneys to certify that they conducted reasonable inquiry under the circumstances, and determined that any papers filed with the court are well grounded in fact, legally tenable, and not

- 4 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

interposed for an improper purpose. FED. R. CIV. P. 11(b). *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 imposes on any party who signs a pleading, motion or other paper an affirmative duty to conduct a reasonable inquiry into the facts and law ***before*** filing, and the applicable standard is one of reasonableness under circumstances. *See Bus. Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551 (1991). Specifically, Rule 11 imposes a duty on attorneys to certify that all pleadings are legally tenable and well-grounded in fact. *See* FED. R .CIV. P. 11; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991). Under Rule 11(b), attorneys must perform "an inquiry reasonable under the circumstances" to ensure that they have reason to believe that their legal contentions are "warranted by existing law" and that their factual contentions either "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." FED. R. CIV. P. 11(b). When considering alleged Rule 11 violations, courts utilize an objective standard of reasonable inquiry which does not mandate a finding of bad faith. *Chambers*, 501 U.S. at 47.

    In this case, CAC's Complaint is replete with factual allegations that are nothing but speculation and cannot have been made after a reasonable investigation. Mere guesses cannot form the factual foundation required for a lawsuit. Even a minimal pre-filing investigation would have revealed that there is no factual basis for the CAC claims against Don Hankey and the Hankey Group. Because Plaintiff and its counsel either conducted no pre-filing investigation, or chose to ignore the results of that investigation, sanctions are warranted.

**A.     Plaintiff's Complaint Against Defendants Don Hankey And Hankey Group Is Frivolous**

   *i.    A Filing Made Without Reasonable Inquiry Is Legally Frivolous*

It is well-established "that sanctions ***must*** be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.' The word 'frivolous' does not appear anywhere in the text of the Rule; rather, it is a shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) citing *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 832 (9th Cir.1986).

   *ii.   A Reasonable Inquiry Under These Circumstances Would Have Revealed No Basis In Law or Fact Exists To Include Don Hankey In The Complaint*

This Court and the Federal Circuit have held that in order to find a corporate director or officer such as Mr. Hankey liable for patent infringement, one must pierce the corporate veil or demonstrate that the director or officer actively participated in the infringement. *See Wechsler v. Macke Int'l Trade Inc.*, 327 F. Supp. 2d 1139 (C.D. Cal. 2004) *aff'd sub nom., Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286 (Fed. Cir. 2007) (finding sole shareholder not liable for company's patent infringement; for officers of corporation to be held personally liable for a corporation's patent infringement, there must be evidence to justify piercing corporate veil; and finding that corporation's officers acting within scope of their employment precludes liability of officers in their individual capacities with respect to corporation's patent infringement) *see also Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408 (Fed. Cir. 1996) (holding that to be held personally liable for corporation's patent infringement, corporate officer must act

culpably in that the officer must actively and knowingly assist with corporation's infringement; holding that it is an insufficient basis for personal liability that officer had knowledge of acts alleged to constitute infringement); and *Wordtech Sys., Inc v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308 (Fed. Cir. 2010) (holding corporate officers who actively assist with their corporation's patent infringement may be personally liable for inducing infringement regardless of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil).  The CAC makes neither type of allegation against Don Hankey, nor can CAC and its counsel do so in good faith.

Plaintiff alleges that Don Hankey is a director, officer and shareholder of Westlake and Nowcom.  (Complaint at Para. 11).  The CAC alleges that Don Hankey owns a "controlling interest" in Defendants Westlake and Nowcom. *Id*. The CAC does *not* allege that Mr. Hankey is the alter ego of Westlake or Nowcom, nor is there a good faith basis for CAC to include such alter ego allegations.  In addition, the CAC Complaint does not allege Mr. Hankey is actively involved in any action of Westlake or Nowcom claimed to infringe the CAC patent at issue (U.S. Patent No. 6,950,807; the "'807 Patent").  CAC cannot cure this deficiency in good faith because Mr. Hankey is not involved in the day to day operation of either corporation alleged to infringe the '807 Patent – Defendants Westlake or Nowcom.  While it appears that Plaintiff intends to impute alter-ego liability to Don Hankey for the actions of Defendants Westlake and Nowcom, the CAC Complaint does not actually include such alter ego allegations.  Critically, there is absolutely no good faith basis to make such allegations in this case.  *Wood v. Elling Corp.*, 20 Cal. 3d 353, 363, 572 P.2d 755, 761 (1977) (holding "Before the acts and obligations of a corporation can be legally recognized as those of a particular person, and *vice versa*, the following combination of circumstances must be made to appear:  First, that the corporation is not only influenced and governed by that person, *but that there is such a unity of interest and ownership that the*
- 7 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*individuality, or separateness, of the said person and corporation has ceased; second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.")* (citation omitted, emphasis in original).  In an alternative to alter ego liability, a patent holder may demonstrate that the director or officer actively participated in the alleged infringement. *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1412 (Fed. Cir. 1996); *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1578–79 (Fed.Cir.1986).

  Here the CAC Complaint states only – on information and belief – that Don Hankey "ratified and is the moving force behind the design, development, manufacture, and/or use of the accused products by Defendants Hankey Group, Westlake and Nowcom."  *See* CAC Complaint, Para. 10.  There is no good faith basis for this false allegation.  Mr. Hankey plays no role in the day to day operation of either Westlake or Nowcom.  Anderson Decl. at Para. 6; Hankey Decl. at Para. 6.  Further, CAC and its counsel cannot insulate their baseless allegations with the premise they are made "on information and belief", because such "information and belief" must be formed after a "reasonable inquiry." FED. R. CIV. P. 11(b).  It is undisputable that such an inquiry did not take place.  In fact, the website from which Plaintiff has pulled much of the information in the CAC Complaint itself indicates that two other individuals are at the helm of Westlake and Nowcom.  *See* website excerpts attached as Exhibit C to the van Loben Sels Decl.

  The truth is that there is no factual basis for CAC's allegation that Don Hankey took any action or ratified any action of Westlake or Nowcom relevant to CAC's claim.  Anderson Decl. at Paras. 7-9; Hankey Decl. at Paras 7-9.  It is clear that Defendants knew there was no legitimate basis for including Don Hankey as an individual in this case.  Furthermore, it is no answer for CAC to claim that it expects discovery to establish the details of Don Hankey's involvement.  If that is all Rule 11 required, then there would be no pre-filing inquiry requirement at all,

- 8 -

and any person could be named as a defendant "on information and belief". FED. R. CIV. P. 11 (b). CAC and its counsel must have had a good faith basis to include Don Hankey as a defendant *before* they filed the complaint, and they did not. *Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273 (N.D.Ill.1996) (holding liberal pleading standards in federal court are tempered by rule requiring attorneys to make reasonable inquiry into facts and law of complaint prior to filing it with court); *U.S. for Use and Benefit of Dragone Bros. Inc. v. Moniaros Contracting Corp.*, 882 F. Supp. 1267 (E.D.N.Y.1995) (holding that under Rule 11, attorneys must conduct reasonable inquiry into viability of position before endorsing it).

> ### iii. A Reasonable Inquiry Would Have Revealed No Basis In Law or Fact Exists to Include "The Hankey Group" in the Complaint

As CAC's own Complaint reveals, the Hankey Group is a non-existent entity (Complaint at Para. 5), and "Hankey Group" is a term used to describe a "group of companies" (Complaint at Para. 5). Attached as Exhibit "C" to the van Loben Sels Decl. is a printout from the website where Plaintiff apparently retrieved the above-quoted language. It is perhaps self-evident that CAC cannot sue an entity which does not exist.

To the extent CAC purports to have a claim against a "group of companies," or that CAC alleges individual companies within a group of companies are involved in the alleged infringement of the '807 Patent (other than Westlake and Nowcom), then CAC must name the involved companies as defendants if it has a good faith basis to do so. What CAC cannot do, however, is sweep into this lawsuit additional, unspecified companies among the so-called Hankey Group. Merely referencing several companies as a "group" does not indicate that corporate formalities are not observed (Complaint at Para. 9) between those companies. Nor does the reference to several companies as being part of a "Hankey Group"

1 indicate that the constituent companies act on each other's behalf or share a
2 common purpose or interest.  Again, the current CAC Complaint allegations are
3 nothing but pure speculation supported by not a single shred of evidence or
4 investigation.  Further, reference to the group does not render individual members
5 of that group liable for the actions of another.  CAC does not, and cannot, allege
6 one single fact related to any of the companies not specifically named as
7 defendants in this case.

### B. Plaintiff's Complaint Against Defendants Don Hankey And The "Hankey Group" Was Filed For An Improper Purpose

Rule 11's "improper purpose" clause – which provides that a party may not use a pleading, motion, or other paper for purposes of delay, harassment, or increasing costs of litigation – is analogous to common-law torts of abuse of process (based on filing of objectively frivolous suits), and malicious prosecution (based on filing of colorable suit in order to impose expense on defendant).  *Ridge v. U.S. Postal Service*, 154 F.R.D. 182 (N.D.Ill.1992), *appeal dismissed* 983 F.2d 1073 (7th Cir. 1992).

As described above, Plaintiff's claims against Don Hankey and Hankey Group were made without reasonable inquiry and are therefore objectively frivolous (*See Townsend*, *supra*).  In this case, Plaintiff's Complaint against Don Hankey and the Hankey Group was made solely "on information and belief" and is supported by nothing but empty speculation.  Plaintiff cannot allege that Mr. Hankey himself infringes the patent.  Thus, the claims against Don Hankey and the Hankey Group were filed for no other reason than to harass Don Hankey and increase his personal expenses.

### C. Plaintiff's Proof Of Service Of The Complaint On The Hankey Group Was Filed With Knowingly False Assertions And For An Improper Purpose

In the CAC Complaint, Plaintiff admits that "The Hankey Group" is a non-existent entity. (Complaint at Para. 5). A search the California Secretary of State's business database (or any database for that matter) reveals that the Hankey Group cannot be found. Consequently, it is impossible for a Hankey Group to have a "registered agent." In fact, the Hankey Group does not have a registered agent. Anderson Decl. at Para. 3; Hankey Decl. at Para. 3. Despite these undeniable facts, Plaintiff filed a false "proof of service" declaring that it personally served Hankey Group's "Registered Agent." Plaintiff's Proof of Service states (in relevant part) :

> Party Served:         Hankey Group
> Person Served         Don R. Hankey, Registered Agent
>                       Authorized to Accept Service, Served
>                       under FRCP Rule 4
>
> 3/6/13 at 1:30pm      CARMINA CALLED EUGENE (AGENT) OUT TO TALK, ASKED ABOUT "HANKEY GROUP" EUGENE STATED THAT **"HANKEY GROUP" DOES NOT EXIST**. STATED THEY USED "HANKEY GROUP" AS A NAME TO DESCRIBE ALL OTHER COMPANY'S (WESTLAKE SERVICES, NOWCOM). NEITHER CARMINA OR EUGENE IS AUTHORIZED TO ACCEPT SERVICE, BUT EUGENE WOULD ACCEPT SERVICE FOR DON. Attempt made by: EDY GARRIDO. Attempt at: 4751 WILSHIRE BLVD. SUITE 110 LOS ANGELES CA 90010
>
> **3/7/13 at 1:54pm**      CARMINA CALLED **DON**. HE CAME OUT WAS SERVED WITH PERSONAL SERVICE AND FOR THE COMPANY, BUT **REJECTED THE SERVICE FOR HANKEY GROUP.** Attempt made by: EDY GARRIDO. Attempt at: 4751 WILSHIRE BLVD. SUITE 110 LOS ANGELES CA 90010.

**3/7/13 at 1:54pm        Personal Service on: HANKEY GROUP** Business - 4751 WILSHIRE BLVD. SUITE 110 LOS ANGELES, CA 90010 **by Serving: DON R. HANKEY , REGISTERED AGENT AUTHORIZED TO ACCEPT SERVICE** , SERVED UNDER F.R.C.P. RULE 4. Served by: EDY GARRIDO

*See* Proof of Service, Docket No. 16, *emphasis added,* attached as Ex. B to the van Loben Sels Decl. It is undeniable that Plaintiff filed a knowingly false document in order to mislead the Court into believing service upon a non-existent entity actually took place. It did not. There is no excuse for this false representation.

## IV.    DEFENDANTS HAVE COMPLIED WITH THE STATUTORY REQUIREMENTS FOR THIS MOTION

In order to obtain sanctions under Rule 11, the moving party must first serve the motion on the opposing side and give opposing counsel 21 days to withdraw the offending pleading. Rule 11(c)(2). Here, a copy of this motion was served on Defendants' counsel via FedEx on April 17, 2013. van Loben Sels Decl. at Para 4. Despite being served with the evidence presented herein, counsel and CAC failed to withdraw or otherwise amend the offending pleadings, the Complaint and Proof of Service for the "Hankey Group"; therefore, this Motion was filed with the court and set for hearing.

Because the Complaint and Proof of Service for the "Hankey Group," described above were filed with no reasonable inquiry without any pre-filing investigation, and were filed for an improper purpose, and Counsel failed to comply with Rule 11, as described herein, sanctions in an amount to deter such behavior as to be determined by the court and/or an award of costs and attorneys' fees associated with this Motion, are warranted and proper.

## V.    ATTORNEYS' FEES

Under Rule 11 in awarding sanctions against Plaintiff and its counsel, the court may award attorneys' fees incurred in bringing this Motion. Rule

- 12 -

11(c)(2)(The court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion).

To determine a "reasonable" attorney fee award, district courts calculate the "lodestar" amount: the product of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly fee. *See Hensley v. Eckerhart,* 461 US 424, 433–437 (1983); *City of Burlington v. Dague*, 505 U.S. 557, 561, (1992); *Perdue v. Kenny A. exrel. Winn*, 130 S.Ct. 1662, 1672–73 (2010) (noting method "has achieved dominance in the federal courts" and "has become the guiding light of our fee-shifting jurisprudence" (quotation and citations omitted)).

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Hensley*, 461 US at 433

In deciding the lodestar amount, the Court must compare Defendants' counsels' rates with the "prevailing market rate of the relevant community" for comparable attorneys. *Carson v. Billing Police Dept.*, 470 F.3d 889, 891 (2006) (quoting *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)).

In this case, reasonable Attorneys' fees in an amount to be determined based on evidence to be presented at the time of hearing, if any, on this Motion are warranted.

## VI. CONCLUSION

A reasonable inquiry under the circumstances would have revealed that Plaintiff has no basis for naming Don Hankey, an individual director and officer of Defendants Westlake and Nowcom, as a patent infringement defendant. Further, it is undeniable that a non-existent entity – Hankey Group – cannot possibly infringe

1 a patent. The face of CAC's Complaint reveals that CAC and its counsel knew
2 before filing that the "Hankey Group" did not exist, but nonetheless CAC and its
3 cousel named "Hankey Group" as a patent infringement defendant. CAC and its
4 counsel violated Rule 11 by naming Don Hankey and the Hankey Group as
5 defendants without a good faith basis to do so. CAC and its counsel refused to
6 cure these issues during Rule 11's safe harbor period, and as a result sanctions are
7 warranted.

9 Dated: May 15, 2013            **WHGC, P.L.C.**

10                                          By: /s/ John D. van Loben Sels
11                                               John D. van Loben Sels
                                                *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ John D. van Loben Sels
John D. van Loben Sels

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**