UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Priority | |
|---|---|
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

CASE NO.: CV 13-01523 SJO (MRNx)   DATE: July 2, 2015

TITLE: Credit Acceptance Corp. v. Westlake Services, LLC, et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (In Chambers): ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO ENFORCE STAY ORDER AND CONTINUING OPPOSITION DEADLINE** [Docket No. 100]

This matter comes before the Court on Defendants Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), Nowcom Corp. ("Nowcom"), Hankey Group, and Don R. Hankey's ("Hankey") (collectively, "Defendants") Emergency Ex Parte Application to Enforce Stay Order ("Application"), filed June 26, 2015. On June 29, 2015, Plaintiff Credit Acceptance Corp. ("Plaintiff") filed an Opposition to the Application. For the following reasons, the Court **DENIES** the Application.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint, filed March 4, 2013, alleges infringement of U.S. Patent No. 6,950,807 ("'807 Patent"). (Compl. ¶¶ 25-31, ECF No. 1.) On May 6, 2013, Westlake, Nowcom, and Hankey filed an Answer and Counterclaim against Plaintiff. (ECF No. 28.) On May 28, 2013, the Court held a scheduling conference and set key dates for the case, including the Markman Hearing on March 10, 2014; the final day for the Court to hear motions on July 14, 2014; and the first day of trial on August 19, 2014. (Mins. of Scheduling Conf., ECF No. 46.) All Defendants filed a First Amended Answer and Counterclaim on June 11, 2013 (*see generally* First Amended Answer ("FAA"), ECF No. 49), to which Plaintiff responded on June 28, 2013 (ECF No. 54).

On October 11, 2013, Westlake filed a "covered business method" ("CBM") petition with the Patent Trial and Appeal Board ("PTAB") seeking review of the '807 Patent. (Order Granting Moving Def.'s Mot. & Staying Case ("Order Staying Case") 2, ECF No. 67.) In this petition, Westlake argued that all claims in the '807 Patent are invalid under 35 U.S.C § 101 (patentable subject matter); § 112 ¶ 1 (written description); and § 112 ¶ 2 (definiteness). (Order Staying Case 2). On November 15, 2013, Westlake, Nowcom, and Hankey filed a motion seeking to stay all proceedings in the case pending the outcome of Westlake's CBM Petition. (*See* Mot. to Stay Case Pending CBM Review ("Motion to Stay"), ECF No. 58.) On December 30, 2013, the Court granted this motion and stayed the action "pending resolution of the post-grant review proceedings for the '807 Patent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 13-01523 SJO (MRNx)      **DATE:** July 2, 2015

under the Transitional Program for CBM Patents." (Order Granting Moving Def.'s Mot. & Staying Case ("Order Staying Case") 8, ECF No. 67.)

On March 31, 2014, the Patent Trial and Appeal Board ("PTAB") held that Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake") had established that it would more likely than not prevail in establishing the unpatentability of claims 1-9, 13, and 34-42 of the '807 Patent. (Mot. to Lift Stay ("Motion to Lift Stay"), ECF No. 70, Ex. 1 ("PTAB Decision"), at 33, ECF No. 70-1.) However, the PTAB declined to institute review on claims 10-12 and 14-33 of the '807 Patent because Westlake had not established that it was more likely than not to prevail in establishing the unpatentability of these claims. (PTAB Decision 22.) On May 12, 2014, Plaintiff Credit Acceptance Corp. ("Plaintiff") filed a motion seeking to lift the stay. Plaintiff stated that "[s]hould the Court lift the stay as a result of this motion, [Plaintiff] will promptly seek permission to amend its infringement contentions and limit its claim to only claims not currently under review by the PTAB." (Mot. to Lift Stay 1 n.1.)

On June 16, 2014, the Court issued a minute order denying without prejudice Plaintiff's Motion to Lift Stay, reasoning that it was "prudent to wait until the Supreme Court releases its decision in *Alice Corp.* before making a final decision on Plaintiff's Motion." (Order Denying Mot. to Lift Stay, ECF No. 80.) The Court conditioned its denial without prejudice on Westlake's filing of a request for reconsideration to the PTAB within seven days of the release of the *Alice Corp.* decision.

On June 19, 2014, the Supreme Court issued its decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). On June 27, 2014, Defendants filed a response to the Court's Order Denying the Motion to Lift Stay stating that on June 25, 2014, the PTAB had denied Westlake's request to file a Motion for Rehearing of the PTAB's decision not to institute review of claims 10-12 and 14-33 of the '807 Patent. (Response to Order Denying Mot. to Lift Stay ("Defendants' First Submission"), ECF No. 81; *see also* Def.'s Second Submission in Response to Pl.'s Mot. to Lift Stay ("Defendants' Second Submission"), Ex. 2 ("PTAB Request for Rehearing Denial"), ECF No. 83.) However, Defendants stated that Westlake planned to file a second CBM petition for claims 10-12 and 14-22 of the '807 Patent seeking review on § 101 grounds under *Alice Corp.* and § 112 grounds under *Nautilus, Inc. v. Biosig Instrum., Inc.*, 134 S. Ct. 896 (2014). (Defs.' First Submission 2.) Lastly, Defendants argued that "the stay in the district court litigation should remain in place." (Defs.' First Submission 5.)

On June 30, 2014, Plaintiff filed a motion asking the Court to reconsider its previous order denying without prejudice Plaintiff's Motion to Lift Stay. The Court agreed to wait up to 6 months for another CBM petition to be decided and declined to lift the stay. (Order Denying Plaintiff's Motion for Reconsideration 5, ECF No. 88.)

On August 15, 2015, Defendant Westlake filed a new CBM petition, case number CBM2014-00176. On February 9, 2015, the PTAB decided to institute CBM review. Westlake's reply in the CBM proceeding is due July 7, 2015, and a final hearing is set for September 10, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority     _____
Send     _____
Enter     _____
Closed     _____
JS-5/JS-6     _____
Scan Only     _____

**CASE NO.:** CV 13-01523 SJO (MRNx)      **DATE:** July 2, 2015

On June 23, 2015, Plaintiff filed a motion, noticed for July 27, 2015, to voluntarily dismiss this action with prejudice (the "Motion"). According to the briefing schedule set by local rule, Defendants' Opposition is due July 6, 2015.

II.     DISCUSSION

The Court granted a stay in this case pursuant to Section 18 of the America Invents Act ("AIA"), which provided for the establishment of transitional proceedings for parties to seek post-grant review of the validity of CBM patents—"patent[s] that claim[] a method or corresponding apparatus for performing data processing or other operations used in the practice, administration, or management of a financial product or service." Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 18, 125 Stat. 284, 329-32 (2011). These proceedings allow defendants charged in district court with infringing a CBM patent to petition the PTAB to find that patent invalid. In such cases, the defendant may seek to stay the civil litigation pending a determination of the validity of the patent. Section 18 provides a four-part test for determining if such a stay is appropriate:

     A)     whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
     B)     whether discovery is complete and whether a trial date has been set;
     C)     whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
     D)     whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

AIA § 18(b)(1). In the Order Staying Case, the Court considered these four factors and determined that they weighed in favor of a stay. (*See generally* Order Staying Case.)

"Courts have inherent power to manage their dockets and stay proceedings." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002). Here, because Plaintiff wishes to voluntarily dismiss its claims and has granted a covenant not to sue, the circumstances may have changed such that the reasons for the stay no longer exist. Accordingly, the Court wishes to hear and rule on Plaintiff's motion despite the stay.

Additionally, Defendants argue that the timing of Plaintiff's Motion is inappropriate due to the pending deadlines in the CBM review. This is not sufficient cause to strike Plaintiff's Motion altogether. However, to address this concern, the Court continues the briefing schedule for Plaintiff's Motion to Dismiss with Prejudice by two weeks. Accordingly, Defendants' Application is **DENIED**.

III.     RULING

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

**CASE NO.:** <u>CV 13-01523 SJO (MRNx)</u>     **DATE:** <u>July 2, 2015</u>

For the foregoing reasons, the Court **DENIES** Defendants' Application. However, due to the impending deadline in the CBM proceeding, the Court continues the briefing schedule for Plaintiff's Motion to Dismiss with Prejudice by two weeks. Defendants' Opposition is due by Monday, July 20, 2015, and Plaintiff's Reply is due by Monday, July 27, 2015. Finally, the Court finds Plaintiff's Motion suitable for disposition without oral argument and vacates the hearing set for July 27, 2015.

IT IS SO ORDERED.

Initials of Deputy
Clerk         VRV