| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 13-01523 SJO (MRWx)      **DATE:** August 24, 2015

**TITLE:** Credit Acceptance Corp. v. Westlake Services, LLC, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                            Not Present
Courtroom Clerk                                         Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE AND DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND COUNTERCLAIMS** [Docket Nos. 99, 104]

This matter comes before the Court on Plaintiff Credit Acceptance Corp.'s ("Plaintiff") Motion to Voluntarily Dismiss with Prejudice ("Motion to Dismiss" or "Plaintiff's Motion"), filed June 23, 2015, and on Defendants Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), Nowcom Corp. ("Nowcom"), Hankey Group, and Don R. Hankey's ("Hankey") (collectively, "Defendants") Motion for Leave to File Second Amended Answer and Counterclaims ("Motion for Leave" or "Defendants' Motion"), filed July 20, 2015. Defendants filed an Opposition to Plaintiff's Motion on July 20, 2015, to which Plaintiff replied on July 27, 2015. Plaintiff filed an Opposition to Defendants' Motion on August 10, 2015, to which Defendants replied on August 17, 2015. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for July 27, 2015, and August 31, 2015. For the following reasons, the Court **GRANTS** Plaintiff's Motion and **DENIES** Defendants' Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint, filed March 4, 2013, alleges infringement of U.S. Patent No. 6,950,807 ("'807 Patent"). (Compl. ¶¶ 25-31, ECF No. 1.) On May 6, 2013, Westlake, Nowcom, and Hankey filed an Answer and Counterclaim. (ECF No. 28.) On May 28, 2013, the Court held a scheduling conference and set key dates for the case, including the Markman Hearing on March 10, 2014; the final day for the Court to hear motions on July 14, 2014; and the first day of trial on August 19, 2014. (Mins. of Scheduling Conf., ECF No. 46.) All Defendants filed a First Amended Answer and Counterclaim on June 11, 2013 (*see generally* First Amended Answer ("FAA"), ECF No. 49), to which Plaintiff responded on June 28, 2013 (ECF No. 54).

On October 11, 2013, Westlake filed a "covered business method" ("CBM") petition with the Patent Trial and Appeal Board ("PTAB") seeking review of the '807 Patent. (Order Granting Moving Def.'s Mot. & Staying Case ("Order Staying Case") 2, ECF No. 67.) In this petition, Westlake argued that all claims in the '807 Patent are invalid under 35 U.S.C § 101 (patentable subject matter); § 112

| | UNITED STATES DISTRICT COURT | Priority |  |
|---|---|---|---|
| JS-6 | CENTRAL DISTRICT OF CALIFORNIA | Send | |
| | | Enter | |
| | | Closed | |
| | CIVIL MINUTES - GENERAL | JS-5/JS-6 | |
| | | Scan Only | |

**CASE NO.:** CV 13-01523 SJO (MRWx)  **DATE:** August 24, 2015

¶ 1 (written description); and § 112 ¶ 2 (definiteness).  (Order Staying Case 2).  On November 15, 2013, Westlake, Nowcom, and Hankey filed a motion seeking to stay all proceedings in the case pending the outcome of Westlake's CBM Petition.  (*See* Mot. to Stay Case Pending CBM Review ("Motion to Stay"), ECF No. 58.)  On December 30, 2013, the Court granted this motion and stayed the action "pending resolution of the post-grant review proceedings for the '807 Patent under the Transitional Program for CBM Patents."  (Order Granting Moving Def.'s Mot. & Staying Case ("Order Staying Case") 8, ECF No. 67.)

On March 31, 2014, the Patent Trial and Appeal Board ("PTAB") held that Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake") had established that it would more likely than not prevail in establishing the unpatentability of claims 1-9, 13, and 34-42 of the '807 Patent.  (Mot. to Lift Stay ("Motion to Lift Stay"), ECF No. 70, Ex. 1 ("PTAB Decision"), at 33, ECF No. 70-1.)  However, the PTAB declined to institute review on claims 10-12 and 14-33 of the '807 Patent because Westlake had not established that it was more likely than not to prevail in establishing the unpatentability of these claims.  (PTAB Decision 22.)  On May 12, 2014, Plaintiff Credit Acceptance Corp. ("Plaintiff") filed a motion seeking to lift the stay.  Plaintiff stated that "[s]hould the Court lift the stay as a result of this motion, [Plaintiff] will promptly seek permission to amend its infringement contentions and limit its claim to only claims not currently under review by the PTAB."  (Mot. to Lift Stay 1 n.1.)

On June 16, 2014, the Court issued a minute order denying without prejudice Plaintiff's Motion to Lift Stay, reasoning that it was "prudent to wait until the Supreme Court releases its decision in *Alice Corp.* before making a final decision on Plaintiff's Motion." (Order Denying Mot. to Lift Stay, ECF No. 80.)  The Court conditioned its denial without prejudice on Westlake's filing of a request for reconsideration to the PTAB within seven days of the release of the *Alice Corp.* decision.

On June 19, 2014, the Supreme Court issued its decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).  On June 27, 2014, Defendants filed a response to the Court's Order Denying the Motion to Lift Stay stating that on June 25, 2014, the PTAB had denied Westlake's request to file a Motion for Rehearing of the PTAB's decision not to institute review of claims 10-12 and 14-33 of the '807 Patent.  (Response to Order Denying Mot. to Lift Stay ("Defendants' First Submission"), ECF No. 81; *see also* Def.'s Second Submission in Response to Pl.'s Mot. to Lift Stay ("Defendants' Second Submission"), Ex. 2 ("PTAB Request for Rehearing Denial"), ECF No. 83.)  However, Defendants stated that Westlake planned to file a second CBM petition for claims 10-12 and 14-22 of the '807 Patent seeking review on § 101 grounds under *Alice Corp.* and § 112 grounds under *Nautilus, Inc. v. Biosig Instrum., Inc.*,134 S. Ct. 896 (2014).  (Defs.' First Submission 2.)  Lastly, Defendants argued that "the stay in the district court litigation should remain in place."  (Defs.' First Submission 5.)

On June 30, 2014, Plaintiff filed a motion asking the Court to reconsider its previous order denying without prejudice Plaintiff's Motion to Lift Stay.  The Court agreed to wait up to 6 months for another CBM petition to be decided and declined to lift the stay. (Order Denying Plaintiff's Motion for Reconsideration 5, ECF No. 88.)

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** CV 13-01523 SJO (MRWx)  **DATE:** August 24, 2015

On August 15, 2014, Defendant Westlake filed a new CBM petition, case number CBM2014-00176. On February 9, 2015, the PTAB decided to institute CBM review. Westlake's reply in the CBM proceeding is due July 7, 2015, and a final hearing is set for September 10, 2015.

On July 2, 2015, the court issued an order granting limited relief from the stay to allow consideration of these motions. (Order, ECF No. 102.)

II.     DISCUSSION

   A.     Motion for Leave to File Second Amended Answer

Defendants seek to amend their answer to add counterclaims for violation of section 2 of the Sherman Act (15 U.S.C. § 2) (sham litigation and attempted monopolization), for declaratory judgment of invalidity and unenforceability of the '807 Patent, false marking, and unfair competition under California Business and Professions Code Section 17200. "The general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party." *Hip Hop Bev. Corp. v. RIC*, 220 F.R.D. 614, 620 (C.D. Cal. 2003) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962) ); *see also Leadsinger, Inc. v. BMG Music Publ.,* 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiff responds that leave to amend should not be granted because, among other reasons, there has been undue delay. According to Plaintiff, Defendants have known the facts underlying the proposed claims since 2013, including the *ZoomLot* reference which Defendants now claim should have been disclosed to the Patent Office during prosecution. (Opp'n 7.) Plaintiff also argues that Defendants' purported harm could have been mitigated by raising the counterclaims sooner, yet Defendants opposed a lift of the stay on multiple occasions.

The Ninth Circuit has held that the "undue delay" factor in the amendment analysis refers to whether the party filing the motion for leave to amend "unduly delayed in filing their motion." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citation omitted). The relevant inquiry is whether "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citations omitted). The Ninth Circuit has explained that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). The Court agrees with Plaintiff that there is no reason these new claims should be added to the case two and a half years after the case was filed, especially when the motion to amend was brought only immediately after Plaintiff attempted to voluntarily dismiss the case with prejudice. Plaintiff has shown that Defendants have known relevant facts since 2013, yet have not attempted to amend their counterclaims.

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 13-01523 SJO (MRWx)      **DATE:** August 24, 2015

To the extent Defendants wish to bring antitrust claims or other new claims, such claims could be brought in a newly filed suit. The resolution of these claims is not necessary to resolve this patent infringement action, which as discussed below has already been substantially resolved by way of a covenant not to sue. Accordingly, Defendants' Motion is **DENIED**.

    B.    <u>Motion to Voluntarily Dismiss</u>

Plaintiff seeks to voluntarily dismiss its complaint with prejudice. Pursuant to Federal Rule of Civil Procedure Rule 41(a)(2), an action may be dismissed at the plaintiff's request by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). "The purpose of [Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).

Plaintiff has provided a covenant not to sue Defendants for infringement of any claim of U.S. Patent No. 6,950,807. (Mot. 3.) However, Defendants opposed Plaintiff's motion, stating that they still wish to pursue their claims of inequitable conduct and for attorneys' fees, and further stating that they wished to amend their counterclaims as described in the Motion for Leave. Defendants argue that Plaintiff's voluntary dismissal will not end this case because of Defendants' counterclaims and because Plaintiff's covenant not to sue is inadequate. Plaintiff responds that Defendants have no valid pending counterclaims and that the covenant not to sue divests this Court of jurisdiction.

    1.    <u>Covenant Not to Sue</u>

"Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant."' *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Here, Defendants argue that Plaintiff's covenant is insufficient because it does not cover some of Westlake's related entities that may potentially use or develop allegedly infringing products, because the covenant does not cover Westlake's customers that may use allegedly infringing products and demand indemnification, and because the covenant does not expressly state that it is irrevocable or unconditional. (Opp'n 14.)

Plaintiff has made clear that its covenant is not limited in time or scope, but is intended to cover past, current, and future production and sales of all of Westlake's current and past products and activities. As for the possibility of future products being developed by Westlake entities, "the residual possibility of a future infringement suit based on future acts is simply too speculative." *Revolution Eyewear*, 556 F.3d at 1298 (quoting *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1346 (Fed. Cir. 2007)) (drawing a distinction between potential future products, which do not create an actual case or controversy, and future sales of the same product as previously sold, which do create an actual case or controversy). Plaintiff has also made clear that "[t]he promise is unconditional." (Reply 4.)

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 13-01523 SJO (MRWx)        **DATE:** August 24, 2015

The remaining issue is whether the covenant is sufficient even though it does not cover Westlake's customers. Defendants cite *SanDisk Corp. v. Mobile Media Ideas LLC*, No. C 11-00597 CW, 2011 WL 1990662 (N.D. Cal. May 23, 2011), which held that a covenant not to sue did not end the controversy because it did not eliminate all uncertainty for the alleged infringer's customers who demanded indemnification. Here, however, Defendants do not allege that there are litigation threats against their customers or that their customers have demanded indemnification. Facts regarding litigation threats against an accused infringer's customers or demands for indemnification are "essential allegations" if the accused infringer wishes to show that an actual case or controversy remains. *FedEx Corporate Servs., Inc. v. Eclipse IP LLC*, 15 F. Supp. 3d 1346, 1350 (N.D. Ga. 2013). Thus, Defendants have not shown that deficiencies in the covenant not to sue cause an actual case or controversy to exist.

       2.      <u>Counterclaims</u>

Defendants' current counterclaims are for declaratory judgment of non-infringement, invalidity, and unenforceability of the '807 Patent. (Answer ¶¶ 9-23, ECF No. 54.) Defendants now have a guarantee that they will not be subject to suit under the '807 Patent. Thus, because there is no longer an actual case or controversy, the Court lacks subject matter jurisdiction to adjudicate the non-infringement and invalidity counterclaims. However, the parties dispute whether the Court retains jurisdiction over the counterclaim for declaratory judgment of unenforceability.

In *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (Fed. Cir. 2008), the Federal Circuit held that a covenant not to sue did not strip a district court of jurisdiction over a claim for declaratory judgment of unenforceability because the district court retained independent jurisdiction over a request for attorney fees under 35 U.S.C. § 285. "A district court may award reasonable attorney fees to the prevailing party in a patent infringement case where the conduct of a party is deemed to be 'exceptional' . . . The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO . . . ." *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001) (citations omitted). Thus, a "district court's jurisdiction to rule on attorney fees encompass[es] the jurisdiction to make findings of inequitable conduct regarding [the withdrawn] patents." *Monsanto*, 514 F.3d at 1242 (citation omitted). Once a patent is found to have been obtained by inequitable conduct, the Federal Circuit "has long held that the unenforceability of a patent follows automatically . . . ." *Id.* at 1243. Having "jurisdiction to decide whether a patent was obtained through inequitable conduct necessarily includes the jurisdiction to declare a patent unenforceable as a result of that inequitable conduct." *Id.* For this reason, this Court previously held that it retained jurisdiction over a claim for declaratory judgment of unenforceability despite a covenant not to sue. *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, No. CV 09-09516 SJO (OPx), 2011 WL 311014, at *8 (C.D. Cal. Jan 7, 2011). Defendants argue that because they intend to show inequitable conduct in their attorneys' fees motion, the Court retains jurisdiction over their unenforceability counterclaim.

Plaintiff responds that Defendants do not in fact have a pending counterclaim for inequitable conduct. The Answer does not mention the words "inequitable conduct" and does not explain why Defendants claim the '807 Patent is unenforceable. (*See* Answer ¶¶ 19-23.) Rule 9(b) states that

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 13-01523 SJO (MRWx)      **DATE:** August 24, 2015

"[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of "inequitable conduct . . . must be pled with particularity under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (citation omitted). In *U.S. Rubber Recycling*, the Complaint had detailed allegations of inequitable conduct. *See U.S. Rubber Recycling*, Complaint ¶¶ 36-61, 87-93, ECF No. 1 (Dec. 29, 2009). The instant case is distinguishable from *U.S. Rubber Recycling* because the Answer does not even mention inequitable conduct, let alone state a case for inequitable conduct with particularity. Thus, if an attorneys' fees motion is filed after dismissal, the Court need not retain jurisdiction over Defendants' counterclaim. Of course, the Court retains jurisdiction to adjudicate the fees motion. "[D]ismissal with prejudice, based on the covenant and granted pursuant to the district court's discretion under Rule 41(a)(2), has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain [a] fee claim under 35 U.S.C. § 285." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006) (citations omitted). Accordingly, Plaintiff's Motion to Voluntarily Dismiss with Prejudice is **GRANTED**.

III.     <u>RULING</u>

For the foregoing reasons, Plaintiff's Motion to Voluntarily Dismiss with Prejudice is **GRANTED**, and Defendants' Motion for Leave to File Second Amended Answer and Counterclaims is **DENIED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Defendants' counterclaims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. This matter shall close.

IT IS SO ORDERED.