JOHN D. VAN LOBEN SELS (SBN: 201354)
jvanlobensels@fishiplaw.com
Fish and Tsang LLP
333 Twin Dolphin Dr., Suite 220
Redwood City, CA 94065
Telephone: (650) 517-9800
Facsimile: (650) 517-9898

Attorney for Defendants and Counter-Claimants
WESTLAKE SERVICES, LLC D/B/A
WESTLAKE FINANCIAL SERVICES;
NOWCOM CORPORATION; HANKEY
GROUP; AND DON R. HANKEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CREDIT ACCEPTANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WESTLAKE SERVICES, LLC D/B/A WESTLAKE FINANCIAL SERVICES, ET AL.,<br><br>Defendants. | CASE NO.: 13-CV-01523-SJO-MRWx<br><br>Honorable S. James Otero<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS |

Defendants and Counterclaimants Westlake Services, LLC d/b/a Westlake Financial Services, Nowcom Corporation, Hankey Group, and Don R. Hankey (collectively, "Defendants") respond to Credit Acceptance Corporation ("CAC")'s Objections to Defendants' Bill of Costs as follows:

## I. Objected-to Filing Fees for CBM Petitions Should Be Allowed

As a threshold matter, Defendants inadvertently omitted the refund obtained for the CBM-1 petition (CBM2014-00008) in the amount of $12,650.00 when calculating the amount for Filing Fees. The revised amount claimed is **$73,200**.

Defendants are entitled to recover its CBM filing fees because they were proximately caused by CAC's improper assertion of the '807 Patent against Defendants. CAC's contention otherwise is mistaken. Defendants should be compensated for the two CBM proceedings it was forced to pursue because of CAC's improper assertion of the '807 Patent. Under 35 U.S.C. § 285, USPTO and PTAB proceeding related fees and costs are wholly recoverable when incurred as a result of the "exceptional" conduct of the losing party. *See IA Labs CA, LLC v. Nintendo Co*., No. CIV. PJM 10-833, 2012 WL 1565296, at *4 (D. Md. May 1, 2012), aff'd, 515 F. App'x 892 (Fed. Cir. 2013) (awarding fees for work done during reexamination proceedings); *Howes v. Med. Components, Inc*., 761 F. Supp. 1193, 1198 (E.D. Pa. 1990) (same); S*cott Paper Co. v. Moore Bus. Forms, Inc*., 604 F. Supp. 835, 838 (D. Del. 1984) (awarding fees for reissue proceedings); *PPG Indus., Inc. v. Celanese Polymer Specialties Co*., 840 F.2d 1565, 1569 (Fed. Cir. 1988) (the prevailing party was "entitled to reasonable attorney fees based upon the premise that the reissue proceedings substituted for the district court litigation on all issues considered by the PTO and the Board."); *Deep Sky Software, Inc. v. Southwest Airlines Co*., Case No. 3:10-cv-1234 CAB (KSC) (S.D. Cal.) (Order, August, 19, 2015) (court awarded defendant attorney fees for reexamination proceedings as reexamination "was initiated during and in reaction to plaintiff's action").

But for CAC's infringement complaint against Defendants, Defendants would not have asked the PTAB to institute proceedings against the '807 patent. As a consequence, Defendants' CBM fees and costs are properly recoverable under § 285. *See* Dkt. No. 112.

CAC's objection to CBM-related costs is contrary to the case law that supports such an award, and contrary to the underlying purpose of § 285. The Court should make Defendants whole by awarding all of the fees and costs incurred in Defendants' defense against the '807 patent. Therefore, the Court should award Westlake the cost for Filing Fees (L.R. 54-3.1) in the amount of **$73,200**.

## II. Objected to Expedited Transcript Should Be Allowed

Defendants agree that the costs of the videotaped recording should not have been included in the Bill of Costs and therefore withdraw the amount of $2,143.00 from their claim; however, CAC is incorrect that the recovery of fees for expedited deposition transcripts are not permitted. The sole reason for the expedition of the John Nerenberg deposition transcript was CAC's threatened motion for sanctions (which the PTAB refused to authorize).

CAC submitted the expert report of Mr. John Nerenberg with its Response. *See* CBM2014-0008, Paper No. 39, Exhibit 2008 (Declaration of John Nerenberg). During Defendants' discovery period, Defendants took the deposition of Mr. Nerenberg on July 23, 2014. *See* Declaration of John D. van Loben Sels In Support of Defendants' Response (JvLS Decl.), Ex. A (cover pages from deposition transcript of John Nerenberg). Immediately following the deposition, counsel for CAC threatened counsel for Defendants with a motion for sanctions based on the deposition of Mr. Nerenberg and requested a conference call with the PTAB. *See* JvLS Decl., ¶ 4. At the call with the PTAB on August 5, 2014, the PTAB requested the opportunity to review the transcript of the deposition. *See* JvLS Decl., ¶5. A copy of the deposition transcripts for the experts for both CAC and Defendants was filed on July 29, 2014 (mailed date July 29, 2014, purged and re-filed on Aug. 12, 2014). *See* CBM2014-0008 at Exhibits 1009 and 1010. After reviewing the transcript, the PTAB refused to authorize CAC's motion for sanctions, stating that:

> After further consideration and review of the deposition transcript, we are not persuaded that a motion for sanctions is warranted under the circumstances… Patent Owner's request

for authorization to file a motion for sanctions is denied.

*See* JvLS Decl., Ex. 2 (August 12, 2014 Order of the Proceeding, Paper No. 48 at 4.) CAC's futile demand to file a motion for sanctions was itself responsible for the expedition costs associated with the transcript. Because this extra cost is attributable to CAC's own actions, the cost of the expedited transcript should be included in Defendants' Bill of Costs.

Other district courts have permitted the recovery of fees for expedited deposition transcripts in similar situations. In *Intermedics*, the court found that the prevailing party sufficiently explained the need to obtain expedited deposition transcripts. The court explained that "the deposition triggered motions by both sides before its conclusion. [The prevailing party] required expedited transcripts to prepare its motions and oppositions. As a result, [the prevailing party] may recover $ 2,275.75, which represents the additional cost of expedited service on that occasion." *Intermedics, Inc. v. Ventritex, Inc*., 1993 U.S. Dist. LEXIS 17803, *8, 1993 WL 515879 (N.D. Cal. Dec. 2, 1993). Other district courts have permitted the recovery of an expedited transcript because "the expedited transcripts were necessary to pursuit of their case in that they were required for drafting of a Motion to Compel." *Howell v. Earl*, 2014 U.S. Dist. LEXIS 121006, *19 (D. Mont. Aug. 28, 2014).

Thus, Defendants should be allowed to recover for the expedited transcript.

**III. Objected to Hotel Conference Room and Court Reporter Fees**

CAC also objects to Defendants' recovery of costs for the hotel conference room and court reporter needed for Defendants' deposition of the inventor of the '807 patent, Mr. Jeffrey Brock. CAC does not dispute that this cost was incurred during the civil litigation. Furthermore, these costs should be recoverable because the documentation provided is sufficient under the Central District of California Bill of Costs Handbook ("Bill of Costs Handbook"). The invoiced amount, which was paid by Westlake, provides details regarding the entity making the charge, when the services were used, for what purpose, and the total amount charged. Thus, the cost for Depositions (L.R. 54-3.5),

which includes the expedited deposition transcript, hotel conference room and court reporter is recoverable in the amount of **$6,079.94**.

## IV. Photocopying and Mailing Fees Should Be Recoverable

Defendants inadvertently included a single duplicate invoice in its exhibit and as a result withdraws the duplicate amount of $17.50. However, CAC is incorrect that the fees for photocopying for the CBM proceedings are not recoverable. Just as the recovery of filings fees for the CBM petitions should permitted, as argued above in Section I, the fees for photocopying likewise should be permitted.

Moreover, CAC is incorrect that the invoices provided are insufficient evidence of the actual costs of photocopying. Counsel for Defendants, like many law firms, perform photocopying in-house and do not use an outside vendor. Instead, the law firm keeps track of photocopying costs for each particular client. *See* JvLS Decl., ¶ 7. As a consequence, the invoiced amount seen on the law firm invoice *is* the "actual expense." *See* Bill of Costs Handbook at 2. No further documentation is required and the cost for Certification, Exemplification, and Reproduction of Documents (L.R. 54-3.10) is **$7,412.52**.

## V. Conclusion

For the forgoing reasons, Defendants respectfully request that the Court and its clerk grant its application for costs in the following New Total amounts:

| | **Original Requested Amounts** | **Withdrawn Amounts** | **New Total** |
|---|---|---|---|
| Filing Fees (L.R. 54-3.1) | $85,850.00 | $12,650.00 | **$73,200.00** |
| Depositions (L.R. 54-3.5) | $8,222.94 | $2,143.00 | **$6,079.94** |
| Certification, Exemplification, and Reproduction of Documents (L.R. 54-3.10) | $7430.02 | $17.50 | **$7,412.52** |
| | $101,502.96 | | **$86,692.46** |

DATED: September 18, 2015

By: */s/ John D. van Loben Sels*

JOHN D. VAN LOBEN SELS

Attorneys for Defendants
WESTLAKE SERVICES, LLC D/B/A
WESTLAKE FINANCIAL SERVICES;
NOWCOM CORPORATION; HANKEY
GROUP; AND DON R. HANKEY