UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CIVIL MINUTES- GENERAL
UNDER SEAL

**CASE NO.:** CV 13-01523 SJO (MRWx) **DATE:** January 5, 2016

**TITLE:** Credit Acceptance Corporation v. Westlake Services, LLC d\b\a Westlake Financial Services, et al.

===========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz<br>Courtroom Clerk | Not Present<br>Court Reporter |
| **COUNSEL PRESENT FOR PLAINTIFF:** | **COUNSEL PRESENT FOR DEFENDANTS:** |
| Not Present | Not Present |

===========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANTS' MOTION TO RETAX COSTS PURSUANT TO LOCAL RULE 54-8** [Docket No. 122]

This matter comes before the Court on Defendants Westlake Services, LLC d\b\a Westlake Financial Services ("Westlake"), Nowcom Corporation ("Nowcom"), Hankey Group, and Don R. Hankey's (collectively, "Defendants") Motion to Retax Costs Pursuant to Local Rule 54-8 ("Motion"), filed November 25, 2015. Plaintiff Credit Acceptance Corporation ("Plaintiff") opposed the Motion ("Opposition") on December 14, 2015, and Defendants replied ("Reply") on December 21, 2015. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 4, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Defendants' Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2013, Plaintiff filed a Complaint against Defendants alleging infringement of U.S. Patent No. 6,950,807 (the "'807 Patent"). (Compl. ¶¶ 25-31, ECF No. 1.) Defendants filed an Answer and Counterclaim ("Answer") on May 6, 2013 and filed a First Amended Answer and Counterclaim ("First Amended Answer") on June 11, 2013, asserting counterclaims of non-infringement, invalidity, and unenforceability in both Answers. (Answer ¶¶ 51-65, ECF No. 28; First Am. Answer ¶¶ 51-65, ECF No. 49.)

On October 11, 2013, Westlake filed a first Covered Business Method petition ("CBM-1") with the Patent Trials and Appeals Board ("PTAB") seeking post-grant review of the '807 Patent. (*See* Mot. to Stay Case Pending CBM Petition Review ("Stay Motion") 1, ECF No. 58.) In CBM-1, Westlake argued to the PTAB that several claims of the '807 Patent are either unpatentable or invalid under 35 U.S.C. sections 101, 112 ¶ 1, and 112 ¶ 2. (Stay Mot.; *see generally* Decl. John D. van Lobel Sels in Supp. Mot. ("JvLS Declaration"), ECF No. 112, Ex. A.) On November 15, 2013, Defendants unilaterally moved to stay the Litigation in light of CBM-1. (*See* Stay Mot.) On December 30, 2013, the Court granted the Stay Motion over Plaintiff's opposition, reasoning that although the law on patentability under 35 U.S.C. section 101 ("Section 101" or "§ 101") was in

flux, "the possibility of guidance lies on the horizon. The Supreme Court granted certiorari to review the Federal Circuit's decision in [*Alice Corp. v. CLS Bank*] . . . . Knowing the proper test to apply will simplify the required legal analysis of this issue." (Order Granting Stay Mot. 5, ECF No. 67.)

Ultimately, the PTAB declined to institute review of claims 10-12 and 14-33 of the '807 Patent in CBM-1. (Stay Mot. 3.) On May 12, 2014, Plaintiff filed a Motion to Lift Stay in the Litigation ("First Motion to Lift Stay"), arguing the Litigation should proceed with respect to claims 10-12 and 14-33, which were not under review in CBM-1. (First Mot. to Lift Stay, ECF No. 70.) The Court declined the First Motion to Lift Stay without prejudice on June 16, 2014, noting that it would "reconsider the issue after the Supreme Court releases a decision in *Alice Corp*," and expressly conditioning its denial on Westlake's filing a request for reconsideration to the PTAB within seven days of the release of the *Alice* decision. (Order Denying Without Prejudice Pl.'s Mot. to Lift Stay, ECF No. 80.)

The PTAB ultimately denied Westlake's request for reconsideration, and on June 30, 2014 Plaintiff asked the Court to reconsider its denial of the Motion to Lift Stay in light of this PTAB's denial ("Motion for Reconsideration"). (Mot. for Recons., ECF No. 82.) The Court denied the Motion for Reconsideration on July 21, 2014, finding that "[r]ather than risk splitting the dispute into parallel paths, the Court deems it best to maintain the stay until the PTAB has ruled on Westlake's forthcoming petition," which Westlake represented to the Court would be filed by no later than July 25, 2014. (Order Den. Mot. for Recons. 5, ECF No. 88.) Defendants did ultimately file a second CBM petition ("CBM-2") with the PTAB on August 15, 2014 seeking review of the remaining claims of the '807 Patent, but only after the Court issued an order to show cause in response to Defendants' failure to file a second petition by their self-imposed deadline. (Order to Show Cause re Delay in Filing Covered Business Methods Pet., ECF No. 91.)

On April 1, 2015, Defendants informed the Court that the PTAB had issued a Final Written Decision for CBM-1 ("Final Written Decision") in which the PTAB concluded that claims 1-9, 13, and 34-42 of the '807 Patent "have been shown by a preponderance of the evidence to be unpatentable under 35 U.S.C. § 101." (Notice of Update to Status, Ex. A, ECF No. 98.) Plaintiff did not seek rehearing of the Final Written Decision, nor did it appeal the Final Written Decision to the Federal Circuit. Instead, on June 23, 2015, Plaintiff filed a Motion to Voluntarily Dismiss with Prejudice the Complaint, which included a proffered covenant not to sue. (Pl.'s Mot. Voluntarily Dismiss, ECF No. 99, Ex. 1.) Defendants opposed dismissal and filed an *ex parte* application to enforce the stay ("*Ex Parte* Stay Application") as well as a motion for leave to amend the Answer to include additional counterclaims ("Motion to Add Counterclaims"). (*Ex Parte* Stay Appl., ECF No. 100; Mot. to Add Counterclaims, ECF No. 104.) The Court denied the *Ex Parte* Stay Application, denied the Motion to Add Counterclaims, and granted Plaintiff's Motion to Voluntarily Dismiss on August 24, 2015. (Order Granting Pl.'s Mot. Voluntarily Dismiss, ECF No. 109.)

On September 8, 2015, Defendants filed an Application to the Clerk to Tax Costs ("Application") and a separate Motion for Recovery of Attorneys' Fees, Costs and Expenses ("Fee Motion"). (*See* Appl. To the Clerk to Tax Costs, ECF No. 111; Mot. for Recovery of Attorneys' Fees, Costs and Expenses, ECF No. 112.) In the Application, Defendants request $101,502.96, comprising: (1) $85,850.00 in filing fees; (2) $8,222.94 in depositions; and (3) $7,430.02 in certification, exemplification, and reproduction of documents. (*See* Appl.) Attached to the Application are a number of exhibits purporting to reflect expenses incurred by Defendants in defending the litigation. (*See* Decl. John van Lobel Sels in Supp. Defs.' Appl., Exs. A-D.)

Plaintiff objected to the Application ("Objection"), arguing that several costs requested by Defendants are either not taxable under the Court's Local Rules or lack required documentation. (Pl.'s Objections to Defs.' Bill of Costs, ECF No. 114.) Defendants responded to the Objection ("Response"), withdrawing $12,650.00 of the requested filing fees and $2,143.00 for the videotaped recording, but arguing that the remainder of the CBM filing fees are "wholly recoverable when incurred as a result of the 'exceptional' conduct of the losing party." (Response to Objection 1, ECF No. 115.) Defendants also maintained that costs for an expedited transcript should be recovered, that adequate documentation was provided for determine deposition costs, and photocopying and mailing fees should be recoverable. (Response 3-4.) Defendants' revised request is therefore $86,692.46. (Response 4.)

On November 2, 2015, the Court denied the Fee Motion ("Fee Order"), finding the case not "exceptional" within the meaning of 35 U.S.C. section 285. (Order Den. Mot. for Recovery of Attorneys' Fees, Costs, and Expenses, ECF No. 121.)[1] In the Fee Order, the Court did not state whether Defendants were a "prevailing party" as the term is used in Federal Rule of Civil Procedure 54(d), nor did the Court directly address whether costs should be awarded to Defendants as a result of Plaintiff's voluntary dismissal of the action and the Court's entry of judgment in favor of Defendants. Neither the Fee Order nor the Order Granting Plaintiff's Motion to Voluntarily Dismiss with Prejudice required the parties to bear their own costs. (*See* Fee Order; Order Granting Pl.'s Mot. Voluntarily Dismiss.)

On November 19, 2015, the Clerk of Court sent an email to the parties with a draft of Defendants' CV59 award (the "Award") attached.[2] (*See* Decl. Ellen J. Wang in Supp. Mot. ("Wang Decl."), Ex. A.) Citing to the Court's Fee Order, the Clerk of Court determined that no costs were to be taxed. (*See* Wang Decl., Ex. A.)

II. DISCUSSION

---

[1] Defendants have since appealed the Fee Order to the Federal Circuit Court of Appeals. (*See* Defs.' Notice of Appeal, ECF No. 125.)

[2] The Court takes judicial notice of this correspondence pursuant to Federal Rules of Evidence 201(b)(2) and 201(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES- GENERAL
UNDER SEAL

**CASE NO.: CV 13-01523 SJO (MRWx) DATE: January 5, 2016**

In the Motion, Defendants argue the Court should vacate the Clerk's Award and enter an award of the costs requested in the Application because (1) Westlake is the undisputed prevailing party in the litigation; (2) costs should be awarded as a matter of course to the prevailing party; and (3) the Court has not denied Westlake's Application. (Mot. 1, 7-8.) Plaintiff responds that costs should be denied because (1) Westlake wrongly blames the clerk of court for relying on the Court's denial of the Fees Motion; (2) each claimed cost fails on its own terms, either because it is not recoverable under the Court's rules or because it is inadequately documented; and (3) the Court should exercise its discretion to deny the claimed costs. (Opp'n 5.)

A. LEGAL STANDARDS

28 U.S.C. section 1920 ("Section 1920") provides that "[a] judge or clerk of any court of the United States may tax as costs" a number of listed items. 28 U.S.C. § 1920. Federal Rule of Civil Procedure 54(d)(1) ("Rule 54") provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Federal Circuit has held that a voluntary dismissal with prejudice under Rule 41(a)(2), combined with a covenant not to sue, "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties" sufficient to render a patent litigation defendant a "prevailing party" within the meaning of Rule 54. *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006); *see also Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) (holding that a defendant was the prevailing party for purposes of costs under Rule 54 where the plaintiff voluntarily dismissed its case against one defendant with prejudice).

Furthermore, Ninth Circuit precedent requires that when a district court denies costs, "the trial court must state reasons for the denial of costs so that the appellate court will be able to determine whether or not the trial court abused its discretion." *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978); *see also Ass'n of Mexican-Am. Educators*, 231 F.3d 572, 591-93 (9th Cir. 2000) (holding that "[t]he requirement that district courts give reasons for denying costs flows logically from the presumption in favor of costs that is embodied in the text of [Rule 54]; if a district court wishes to depart from that presumption, it must explain why . . . .").

Local Rule 54 governs this Court's ability to determine, review, and award costs. Local Rule 54-1 defines a "prevailing party" as "the party in whose favor judgment is rendered, unless otherwise determined by the Court. When a case is dismissed or otherwise terminated voluntarily, the Court may, upon request, determine the prevailing party." L.R. 54-1. Local Rule 54-2 governs the form of a moving party's Application to Tax Costs, and requires that a party seeking costs complete a Form CV-59 Application ("Form CV-59"). L.R. 54-2. Local Rule 54-3 sets forth a non-exhaustive list of items that may be taxed as costs. L.R. 54-3; *see also In re Turn-Key-Tech Matters*, No. CV 01-4158 LGB, 2002 WL 32521815, at *2 (C.D. Cal. Nov. 22, 2002) ("[T]he specifically enumerated items in Local Rule 54-4.11 are non-exhaustive and . . . the Court may, in its discretion, allow other costs for copies, i.e., those costs that are necessarily obtained for use in the case."). The Clerk's

determination is deemed final unless modified by the Court pursuant to Local Rule 54-8, which provides that

> Review of the Clerk's taxation of costs may be obtained by a motion to retax costs filed and served within seven (7) days of the Clerk's decision. That review will be limited to the record made before the Clerk, and encompass only those items specifically identified in the motion.

L.R. 54-8; *see also* L.R. 54-7 ("The Clerk's determination shall be final unless modified by the Court upon review pursuant to L.R. 54-8.").

B. ANALYSIS

As a threshold matter, Plaintiff does not dispute that Westlake is the "prevailing party" in this matter. Thus, the Court must determine whether the Clerk properly denied the costs requested by Westlake in the Application (and modified by Westlake in the Response).

1. Filing Fees

Through the Application, Response, and supporting documents, Defendants request $73,200.00 in filing fees associated with CBM-1 and CBM-2. (*See* Appl.; Response 1-2.) These filing fees were not paid to the Clerk, but rather to the USPTO. (Decl. John van Loben Sels in Supp. Appl. ("JvLS Decl."), Ex. A at 4-5 [seeking "USPTO Filing fee[s] for Covered Business Method (CBM) Review Request[s]"].) Local Rule 54-3.1 provides that "[f]iling fees paid to the **Clerk**" are taxable as costs, and 28 U.S.C. section 1920(1) permits a prevailing party to recover "[f]ees of the clerk and marshal." L.R. 54-3.1 (emphasis supplied); 28 U.S.C. § 1920(1).

Defendants do not argue that these provisions directly apply, but instead argue in their Response that they "are entitled to recover [their] CBM filing fees because they were proximately caused by CAC's improper assertion of the '807 Patent against Defendants," and "[u]nder 35 U.S.C. § 285, USPTO and PTAB proceeding related fees and costs are wholly recoverable when incurred as a result of the 'exceptional' conduct of the losing party." (Response 1.) No other explanation or legal authority as to why such costs should be taxed was provided to the Clerk. Nor are any additional arguments in favor of taxing such costs raised in the Motion or Reply,[3] perhaps because

---

[3] To the extent Defendants argue that USPTO fees should be recoverable because the America Invents Act "was specifically promulgated to reduce unnecessary litigation regarding business method patents," Defendants have pointed to no authority indicating that a district court should award filing fees incurred as part of litigating in a forum designed to be less expensive should the action return to the district court. (Reply 2, ECF No. 130.)

the Court in the Fee Order expressly found the case not to be "exceptional" within the meaning of 35 U.S.C. § 285. (*See generally* Fee Order.) If this is indeed an issue of first impression, as Defendants claim in their Reply, (Reply 1), Defendants have not persuaded the Court that filing fees paid to the USPTO as part of CBM petitions should be recoverable under this Court's Local Rules, which expressly provides that "[f]iling fees paid to the Clerk," L.R. 54-3.1. The Court adopts the plain language of the Local Rules and finds that filing fees paid to the USPTO as part of CBM proceedings are not recoverable in this case, particularly where the instant action was not found to be "exceptional" within the meaning of 35 U.S.C. section 285.

In the Motion, Defendants also challenge the Clerk's draft award by arguing that the draft award does not delineate specific items in the Application and Response that were rejected, nor does it provide explicit reasons as to why the requested costs were not allowed. (Mot. 7.) Defendants also argue that the Clerk "relied on the Court's Order denying ***attorney's fees***" without any other explanation as to why an award of costs would be inequitable. (Mot. 7 [emphasis in original].) The premise underlying Defendants' request for CBM-1- and CBM-2-related filing fees, however, is that these costs would only be taxable if the Court finds the case to be "exceptional" within the meaning of 35 U.S.C. § 285, as Local Rule 54-3.1 and 28 U.S.C. section 1920 would otherwise not permit the inclusion of these fees as taxable costs. *Cf. Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, 741 F.3d 955, 957-58 (9th Cir. 2013) (denying recovery of *pro hac vice* fees because they are not "fees of the clerk" under a plain reading of 28 U.S.C. section 1920, and observing that "taxable costs are limited by statute and are modest in scope") (citation omitted). The Clerk expressly relied on the Court's Fee Order, which determined the case to not be "exceptional," as a basis for denying the requested costs. (*See* Bill of Costs, ECF No. 127.)

The Court is not persuaded by Defendants' suggestion that the Clerk "mistakenly read the Court's [Fee] Order . . . denying attorney's fees, as a denial of Westlake's application for bill of costs." (Mot. 5.) Thus, on "the record made before the Clerk," the denial of Defendants' request for filing fees associated with CBM-1 and CBM-2 was proper. Defendants' request for $73,200.00 in filing fees is therefore **DENIED**.

///
///
///

2. Deposition-Related Expenses

---

Moreover, Defendants have pointed to no aspect of the America Invents Act or its legislative history indicating that the fees required to be paid by petitioners should be recoverable from patent owners should the petitioner ultimately prevail.

Defendants also request $6,079.93[4] in deposition-related expenses. In particular, Defendants seek (1) $5,036.06 for obtaining an expedited transcript of the deposition of Mr. John Nerenberg on July 23, 2014 as part of CBM-1; and (2) $1,043.88 for a hotel conference room and court reporting services incurred for the deposition of Jeffrey M. Brock as part of the instant litigation. (*See* JvLS Decl., Ex. A at 9-12; Response 2.)

a. Expedited Transcript of Nerenberg Deposition

Local Rule 54-3.5(a) provides that "[t]he cost of the original and one copy of the transcription of the oral portion of all depositions used for any purpose in connection with the case, including **non-expedited transcripts**" is taxable. L.R. 54-3.5 (emphasis supplied). Expedited rates for depositions are not allowable unless ordered by the Court. *Andresen v. Int'l Paper Co.*, No. 2:13-cv-02079 CAS (AJWx), 2015 WL 3648972, at *8 ("As stated, the Local Rules allow 'non-expedited transcripts' to be taxed, indicating that expedited transcripts should not be. Therefore, the Court disallows costs for expedited transcripts in the amount of $1,054.88.").

Notwithstanding these rules, Defendants argue that the recovery of fees for expedited deposition transcripts are permitted where, as allegedly occurred here, an expedited transcript was necessitated by "CAC's threatened motion for sanctions (which the PTAB refused to authorize)." (Response 2.) This argument is unavailing for two reasons. First, the parties do not dispute that Mr. Nerenberg's deposition was taken as a part of CBM-1. Nor do they dispute that none of Mr. Nerenberg's deposition testimony was cited in these proceedings for any substantive purposes. Defendants point to no authority suggesting that expenses associated with the deposition of Mr. Nerenberg, which were not "used for any purpose in connection with the case," should be taxable as costs. L.R. 54-3.5(a) ("The cost of the original and one copy of the transcription of the oral portion of all depositions **used for any purpose in connection with the case**, including non-expedited transcripts . . . .") (emphasis supplied).

Second, even if it were true that expenses incurred as a result of a deposition outside but related to a district court litigation could properly be taxed as costs, the Court did not order the parties to take Mr. Nerenberg's deposition, and Defendants have not offered any persuasive argument as to why the Court should tax these costs here. Defendants' citation to *Intermedics, Inc. v. Ventritex, Inc.* does not persuade, for in that case the depositions were taken as part of the district court litigation, and the court only permitted the recovery of expedited transcript fees for a deposition that "occurred during the trial itself" and a "deposition [that] triggered motions by both sides before its conclusion." No. C-90-20233 JW (WDB), 1993 WL 515879 (N.D. Cal. Dec. 2, 1993). Here, by

[4] In the Response, Defendants withdrew $2,143.00 from their initial claim seeking $8,222.94, acknowledging that costs of a videotaped recording should not have been included in the bill of costs. (Response 2-3.)

contrast, it is undisputed that the deposition was taken in a separate proceeding, and Defendants allege that Plaintiff threatened counsel for Defendants with a motion for sanctions "[i]mmediately following the deposition." (Response 2.) Moreover, although Defendants aver that "the PTAB requested the opportunity to review the transcript of the deposition," Defendants have not introduced any evidence that the PTAB requested **immediate** review of the deposition transcript so as to necessitate its expedited delivery. (Response 2.) Accordingly, the Court finds that the Clerk properly rejected these costs, and **DENIES** awarding Defendants the $5,036.06 spent on obtaining an expedited transcript of the deposition of Mr. John Nerenberg.

b. Brock Deposition Costs

The parties do not dispute that Mr. Brock's deposition was taken as part of the civil litigation, and would ordinarily be reimbursable pursuant to Local Rule 54-3.5. The issue with these expenses, however, is one of documentation. This Court's Bill of Costs Handbook (the "Handbook") provides that "[d]ocumentation of the actual expenses—such as copies of receipts, returned checks, bills, and court orders—must be attached as exhibits to the application." United States District Court Central District of California, Bill of Costs Handbook 1 (last revised Jan. 8, 2015). In support of the Request, Defendants submitted their own attorney invoices that list $549.61 for "Westin Hotels & Resorts - Use of conference room for the deposition of J. Brock on 12/19/13 - Paid by WHGC AMEX Card" and $494.27 for "Henjum Goucher Reporting Services invoice #500071 for transcript of Jeffrey Michael Brock on 12/19/13." (JvLS Decl., Ex. A at 14-15.) As Defendants have not submitted any documentation reflecting the payment of these sums, the Court finds that the Clerk properly denied the requested $1,043.88 in expenses related to Mr. Brock's deposition. Thus, the Court **DENIES** awarding Defendants the $1,043.88 in costs related to Mr. Brock's deposition. Should Defendants provide proper documentation regarding these costs to the Clerk within fourteen (14) days of the issuance of this Order, however, the Clerk is **ORDERED** to tax costs in the amount substantiated by such documentation. *See,* e.g., *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1354 n. 95 (C.D. Cal. 1977) ("Since the applicant has failed to file the underlying documentation in support of the requested reimbursement for costs and expenses, no award can be made at this time. The applicant can, however, reapply within 20 days from the date below.").

///
///
///
///
///
///

3. Photocopying and Mailing Fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES- GENERAL
UNDER SEAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.: CV 13-01523 SJO (MRWx)** **DATE: January 5, 2016**

Finally, Defendants seek $7,412.52 in photocopy and mailing fees.[5] In support of this requested amount, Defendants again provide firm invoices totaling this amount. (JvLS Decl., Ex. A at 14-43.) As noted above, this Court's Local Rules require that "[d]ocumentation of the actual expenses—such as copies of receipts, returned checks, bills, and court orders—must be attached as exhibits to the application." Handbook 1. Nevertheless, Defendants in the Response argued that such costs should be recoverable because "[c]ounsel for Defendants, like many law firms, perform photocopying in-house and do not use an outside vendor . . . [and a]s a consequence, the invoiced amount seen on the law firm invoice **is** the 'actual expense.'" (Response 4 [emphasis in original].)

In its Opposition, Plaintiff argues that these expenses should not be recoverable because (1) the "invoices do not provide sufficient detail to determine that all of the copies and mailings were reasonably necessary, or even what was copied or mailed;" and (2) in any event, the invoices only add up to $5,704.71 instead of the requested $7,412.52. (Opp'n 10-11.) Defendants respond that $2,679.54 should be awarded for reproduction expenses incurred as a part of the litigation, and $3,138.37 should be awarded for reproduction expenses incurred as a part of the CBM proceedings.[6] (Reply 5.)

With respect to the $3,138.37 in reproduction expenses allegedly incurred as part of the CBM proceedings, the Court **DENIES** these expenses, as Defendants have not persuaded the Court that reproduction expenses incurred outside the litigation should be reimbursable under Federal Rule of Civil Procedure 54 or Local Rule 54-3.10. *See* L.R. 54-3.10(b) (permitting recovery of "[t]he cost of copies of documents or other materials **admitted into evidence** when the original is not available . . .") (emphasis supplied); L.R. 54-3.10(f) (permitting recovery of "[f]ees for certification or exemplification of any document or record necessarily obtained for use **in the case**.") (emphasis supplied).

With respect to the $2,679.54 in reproduction expenses allegedly incurred as a part of the litigation, the Court agrees with Plaintiff and does not find that such expenses have been properly documented. The only evidence provided by Defendants regarding these expenses are invoices with entries such as "Aug-31-13 Photocopying Expense [AUG] 153.65," without any detail regarding the documents copied, the task for which they were copied, or any receipts or other documentation showing that these charges incurred. (JvLS Decl., Ex. A at 8.) Although the

[5] In the Response, Defendants withdrew $17.50 from their initial claim seeking $7,430.02, admitting that they inadvertently included a single duplicate invoice for this amount. (Response 4.)

[6] Defendants claim a "calculation error" of $1,594.61 has been corrected, and that the total request is now $5,817.91. (Reply 5.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Priority** | ____ |
| **Send** | ____ |
| **Enter** | ____ |
| **Closed** | ____ |
| **JS-5/JS-6** | ____ |
| **Scan Only** | ____ |

**CIVIL MINUTES- GENERAL**
**UNDER SEAL**



Court is sensitive to Defendants' argument that the invoiced amounts provided to the Clerk reflect the actual expenses incurred in this instance, (Reply 3), it nevertheless finds that these invoices do not provide adequate documentation of the nature of the reproduction expenses so as to ensure that they were "necessarily filed and served" or were otherwise "reasonable costs incurred during the proceedings." L.R. 54-3.10(a); Handbook 1.

Thus, as with the Brock deposition expenses, the Court **DENIES** awarding Defendants the requested $2,679.54 in reproduction costs allegedly incurred as part of the litigation. Should Defendants provide proper documentation regarding the nature of these costs to the Clerk within fourteen (14) days of the issuance of this Order, however, the Clerk is **ORDERED** to tax costs in the amount substantiated by such documentation. *See,* e.g., *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1354 n. 95 (C.D. Cal. 1977) ("Since the applicant has failed to file the underlying documentation in support of the requested reimbursement for costs and expenses, no award can be made at this time. The applicant can, however, reapply within 20 days from the date below.").

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Retax Costs Pursuant to Local Rule 54-8. Defendants have fourteen (14) days from the issuance of this Order to provide proper documentation of the costs related to Mr. Brock's deposition and the reproduction fees incurred as a part of this litigation. The Clerk of the Court's draft CV59 award in the amount of $0 is deemed final with respect to all other requested costs and expenses.

IT IS SO ORDERED.